Cameron, J.
delivered the opinion of a majority of the Court.*
The only question raised on the special verdict found in this case is, whether a person under the age of eighteen years, can dispose of his personal estate by will.
The common law has wisely fixed on the age of twenty-one as the earliest period, when, the human mind has attained sufficient maturity to act with discretion. The rules established in the ecclesiastical courts in England, which allow infants to dispose of their personal estate by will,have never been in force and use in this State. If they had, we should feel ourselves bound by them, notwithstanding their repugnancy to common sense, and the common law. We cannot subscribe to the doctrine that a person may have a legal capacity to dispose of property by will, and yet be under a legal incapacity to dispose of the same property by deed.
Taylor, C. J.
The consideration of this cause has not enabled me to concur in the opinion which has been delivered. But as the Legislature has, by a recent act, provided for all future cases, I shall content myself with stating, in few words, the grounds of my dissent.
That the testamentary age, when this will was made, commenced at fourteen in males and twelve in females, is, I think, proved by the act of 1715, which validates all pro *601 bates made before that time, and places them on the same footing with probates made before an ordinary or ecclesiastical Judge or person; and by the act of 1789,c. 23, which transfers the power to the County Courts. The Legislature must have been aware of the age at which persons were considered as capable of making testaments, in the Ecclesiastical Courts; and where jurisdiction over a subject is transferred from one Court to another, without limitation, it must be understood that the Court to which it is transferred, is to proceed acccording to the rules and principles adopted in the Court from whose cognizance the subject is taken.
The age of making a testament was originally derived from the civil law; but so are the rules which relate to representation in dividing an intestate’s estate; and the evidence of the adoption of both by the common law is equally satisfactory to my mind. Shepherd's Touchstone, written by an eminent common lawyer, Justice Doddridge, states the testamentary ages at twelve and fourteen; Hargrave, in his Notes on Co. Littleton, is to the same effect; together with many other writers. In Mosely's Rep. 5, the same rule is admitted in the Court of Equity. That the common law knows no rule different from this, is evident from their refusing to issue a prohibition to the Ecclesiastical Court before which a testament was proved, made by an infant under twenty-one —2 Mod. 315. The common law itself has established the same ages for certain things, as in choosing a guardian, and the capacity of committing crimes. I cannot but think it probable, that this rule has been acted upon in this State, and as it is to be found in all those books which the Legislature has directed the County Courts to be furnished with, it has been considered a matter of course and never drawn into question.

Seawell, J. gave no opinion.